**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PERCY WOODS,<br><br>                  Plaintiff,<br><br>vs.<br><br>MIKE DONLEY, Secretary of the Air Force,<br><br>                  Defendant. | Case No. 2:10-cv-01144-PMP-PAL<br><br>**ORDER**<br><br>(IFP App - Dkt. #1)<br>(Mtn to Appt Counsel - Dkt. #3) |

       Plaintiff Percy Woods is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1) on July 13, 2010. This proceeding was referred to this court by Local Rule IB 1-9.

**I.**    *In Forma Pauperis* **Application**

       Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Although Plaintiff does have income, it is exceeded by his debts. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.**    **Screening the Complaint**

       Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

/ / /

deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

The Complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988) (citation omitted). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). Plaintiff's Complaint, however, makes no claim against any state actor, and it does not state a claim under 42 U.S.C. § 1983.

Plaintiff's Complaint states that Plaintiff was employed in a civilian capacity at Nellis Air Force Base as a motor vehicle operator for nineteen years and believes he has been discriminated against based on race–"black." He states that in April 2005, he was asked to move out of his office that he used for training because he would no longer be training new employees. He filed a complaint with "EEO."

1   In June 2005, he filed a second complaint with EEO for ongoing harassment on the basis of race,
2   disparate treatment, and "reprisal" for filing the first EEO complaint.
3       He states he was treated differently than the other civilian employees, who earned the same
4   wage as Plaintiff but did not work as hard.  Specifically, in approximately 2006, a new employee, Mr.
5   Rodriguez, was hired as driver, but did not have a commercial driver's license like Plaintiff did.
6   Plaintiff was advised Mr. Rodriguez had two years to qualify and obtain his CDL.  Mr. Rodriguez never
7   obtained his CDL, and Plaintiff was required to do the driving all of the time.  He states that was
8   subject to a hostile work environment by other employees in the dispatch office who thought it was
9   funny that Plaintiff had to drive the shuttle all of the time.  Plaintiff states his frustration with the
10  situation has caused his blood pressure to become very high.
11      It appears Plaintiff is attempting to state a claim for discrimination and retaliation under Title
12  VII of the Civil Rights Act.  *See* 42 U.S.C. § 2000e *et seq*.  The protection against employment
13  discrimination provided by Title VII applies to civilian employees of the military through 42 U.S.C. §
14  2000e-16(a).  *See Mier v. Owens*, 57 F.3d 747, 749 (9th Cir. 1995) (*citing Gonzalez v. Department of*
15  *the Army*, 718 F.2d 926, 928 (9th Cir. 1983).   Title VII allows persons to sue an employer for
16  discrimination on the basis of race, color, religion, gender or national origin if he or she has exhausted
17  both state and Equal Employment Opportunity Commission (EEOC) administrative procedures.  Once
18  plaintiff files charges with the EEOC, the commission will investigate the charges, attempt to reach a
19  settlement, and decide whether to sue the employer or refer the decision to sue to the Attorney General
20  if the charges are against a state or local governmental entity.  *Id*.  If the EEOC or Attorney General
21  decides not to sue and if there is no settlement that is satisfactory to plaintiff, the EEOC will issue
22  plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies with the EEOC.  *See* 42
23  U.S.C. § 2000e-5(f)(1).  After receipt of the right to sue letter, plaintiff may sue in federal or state court.
24  *Id*.; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d
25  834 (1990).  Here, Plaintiff states that he filed an internal administrative grievance proceeding pursuant
26  to the Air Force's Equal Employment Opportunity policy on two occasions in 2005.  He seems to claim
27  that he is still subject to disparate treatment and a hostile work environment.  However, it does
28  / / /

not appear that he has filed a formal complaint with either the EEOC or the Nevada Equal Rights Commission, which is a necessary prerequisite to a federal lawsuit. Plaintiff does not allege receiving a right to sue letter.

It also appears that Plaintiff's claim may be time-barred. In order to file a timely charge of discrimination with the EEOC, it must be done within 180 days of the alleged discrimination (or three hundred days if the charge is also covered by a state or local anti-discrimination law) . The EEOC investigates and attempts to resolve the charge. If, however, the charge is not resolved, and the EEOC issues a right to sue letter, a lawsuit must be filed within ninety days of receipt of the right to sue letter. The conduct alleged in Plaintiff's Complaint occurred over five years prior to his submitting the Complaint. In short, it does not appear that Plaintiff has exhausted his administrative remedies, and his Complaint may be time-barred. The court will therefore dismiss his Complaint with leave to amend if Plaintiff believes he can cure these deficiencies and state a claim.

If Plaintiff chooses to amend the complaint, he is informed that the Court cannot refer to a prior pleading (i.e., his original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.
3. The Clerk of the Court shall file the Complaint.

4. Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have thirty days from the date that this Order is entered to file his Amended Complaint, if Plaintiff believes the noted deficiencies can be corrected. Failure to comply with this Order will result in a recommendation to the District Judge that the Complaint be dismissed.

Dated this 28th day of October, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE